IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

        Plaintiff,

vs.                                           Case No. 20-3072-SAC

GOOGLE LLC, INC.,

        Defendant.

**O R D E R**

This case is before the court upon defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 7) and other motions filed by plaintiff. Plaintiff is proceeding <u>pro se</u>. This case was originally filed in state district court and removed to this court by defendant.

I. <u>The complaint and proposed amended complaint.</u>

Plaintiff's original complaint alleges that a web address – www.google.com/+JoeJones21176 – is no longer accessible and therefore materials plaintiff has stored at the address cannot be viewed and that plaintiff has lost access to "various Google services." Doc. No. 1-1, p. 2. Plaintiff alleges that the web address was lost around June 2019 when Google Plus was shut down. <u>Id.</u> at p. 5. He contends that he "responded to solicitations for services sold in the State of Kansas via the internet" and that now he is unable to benefit from the transactions in violation of

1

the Kansas Consumer Protection Act (KCPA) , K.S.A. 50-626 & 627. Id. He further asserts that "Google is a business, a supplier of services it advertises for free, but responding and utilizing amounts to a consumer transaction." Id. He complains that an educational and teaching platform has been made unavailable and that this marginalizes him because he has no place to direct people to see his works. Id.

Proposed amendments to the state court petition, which are part of plaintiff's motion to amend filed in state court the day before this case was removed, include the following contentions:

- that despite defendant's representations the web address was not permanently accessible for posts and as a repository of works;

- that defendant misrepresented its status as an artificial intelligence research company;

- that defendant misrepresented Google Plus as original or new;

- that defendant misrepresented the uses of Google Plus;

- that the receipt of the Google Plus web address "was contingent upon plaintiff Joseph Jones Amazon eKindle book volumes;" and

- defendant made representations with reason to know that the web address would not have use after 2019;

- defendant represented to plaintiff that Google Plus had been substantiated to have the benefit of a community of users with the same interests (i.e., transhumanism, futurism, etc.) and the defendant made such representation to plaintiff with reason to know that Google Plus could no longer connect other transhumanists and futurists with the same interests.

Doc. No. 16, pp. 4-11.

II. Pro se standards

Pro se pleadings are entitled to a liberal construction. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not have to guess at what claim a pro se litigant is making (Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)), nor "assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110.

III. Rule 12(b)(6) standards

Plaintiff's complaint must allege sufficient facts to state a legal claim which is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Id. A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 557). A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

Here, plaintiff is making claims under the KCPA, K.S.A. 50-626 & 627. The KCPA concerns "consumer transactions" which are defined as "a sale, lease, assignment or other disposition for value of property or services." K.S.A. 50-624(c). Claims of false representations or unconscionable acts violating the KCPA must be stated with particularity. Jamieson v. Vatterott Educational Center, Inc., 473 F.Supp.2d 1153, 1156-58 (D.Kan. 2007); Nieberding v. Barrette Outdoor Living, Inc., 2012 WL 6024972 *2 (D.Kan. 12/4/2012)(applying requirement to allegations of unconscionable acts under KCPA).

"[T]o survive a motion to dismiss, a complaint asserting deceptive practices under the KCPA 'must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" Cavolovic v. J.C.Penney Corp., Inc., 2018 WL 2926433 *2 (D.Kan. 6/7/2018)(quoting Weckhorst v. Kansas State Univ., 241 F.Supp.3d 1154, 1176 (D.Kan. 2017)); Jamieson, 473 F.Supp.2d at 1156. In determining whether an act or practice is unconscionable under the KCPA, a court may consider a large number of factors such as:

whether the supplier took advantage of the inability of the consumer to protect his interests; whether the price grossly exceeded the price available to similar consumers; whether the consumer was unable to materially benefit from the subject of the transaction; whether there was a reasonable probability of payment in full by the consumer; whether the transaction was excessively one-sided in favor of the supplier; whether the supplier made a misleading statement of opinion relied upon by the consumer; and whether the supplier excluded, modified or limited applicable warranties. K.S.A. 50-627(b); see also <u>State ex rel. Stovall v. DVM Enterprises, Inc.</u>, 62 P.3d 653, 658 (Kan. 2003)(discussing other factors).

IV. <u>The allegations in the complaint and motion to amend fail to state a claim</u>.

The court concludes that plaintiff's complaint, even if supplemented with the allegations in the motion to amend, fails to plausibly allege KCPA violations with the particularity required by law. Plaintiff does not allege facts describing a consumer transaction as defined in the statute. Further, plaintiff does not allege the time, place and the particular contents of false representations, or the identity of the person making the false representation, or the consequences of a specific false representation. Plaintiff generally alleges he has lost access to a certain community of people with common interests and that people

5

have lost access to his works, but he does not plausibly describe how this has caused him a material loss.

Plaintiff's allegations also fail to set forth a comprehensible and plausible claim for relief upon some grounds other than the KCPA. The court notes that Fed.R.Civ.P. 9(b) requires that a claim of fraud be stated with particularity.

V. Other motions

    A. Motion for default judgment

Plaintiff has filed a motion for default judgment. Doc. No. 5. This motion shall be denied. The record shows that defendant timely removed this action from state court and timely filed a motion presenting defenses allowed under the federal rules after removal. See Fed.R.Civ.P. 81(c)(2)(C). Therefore, defendant has presented a defense and is not in default. Furthermore, default judgments are disfavored by courts, particularly when any delay has not caused plaintiff prejudice. See In re Rains, 946 F.2d 731, 732-33 (10th Cir. 1991).

    B. Motion for appointment of counsel

Plaintiff has filed a motion for appointment of counsel. Doc. No. 14. Upon review of the nature and merits of plaintiff's claims and the other factors listed in Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995), the court shall deny the motion for appointment of counsel.

C. Motion for amicus brief

Plaintiff has asked the court to order an amicus brief from the Attorney General of Kansas. Doc. No. 27. This motion shall be denied because the complaint fails to state a claim and because plaintiff does not cite authority which supports such an order.

D. Motion to correct caption

Plaintiff has filed a motion to name "XXVI Holdings, Inc." and "ALPHABET" as a defendant. Doc. No. 11. This motion is apparently in reaction defendant's disclosure of corporate interests which shows that defendant is a wholly owned subsidiary of XXVI Holdings Inc. and that XXVI Holdings Inc. is a wholly owned subsidiary of Alphabet Inc. Doc. No. 4. The court shall deny the motion because plaintiff does not provide grounds to show that either XXVI Holdings Inc. or Alphabet Inc. is responsible for the alleged wrongful acts listed in the complaint. See U.S. v. Bestfoods, 524 U.S. 51, 61 (1998)("It is a general principle of corporate law . . . that a parent corporation . . . is not liable for the acts of its subsidiaries.").

E. Motions for joinder

Plaintiff has sought to join this case with Case No. 18-4032-SAC. Doc. Nos. 31 and 39. But, Case No. 18-4032 is closed and the court has refused to reopen it upon plaintiff's motion to alter or amend judgment. Also, this case shall be closed with this

order. Under these circumstances, the motions for joinder should be denied.

F. Motion for discovery

Plaintiff has filed a motion to proceed to discovery. Doc. No. 15. This motion shall be denied because the court shall grant defendant's motion to dismiss.

G. Motions for temporary restraining order and declaratory judgment

Because plaintiff has not stated a plausible claim for relief and has not demonstrated a reasonable or substantial probability of success on the merits, his motions for a temporary restraining order and declaratory judgment (Doc. Nos. 12 and 26) shall be denied.

H. Motion for change of venue

Plaintiff's motion for change of venue (Doc. No. 28) shall be considered moot.

I. Motion to compel

In Doc. No. 18, docketed as a motion to compel, plaintiff asks that defendant answer the allegations in the motion to amend the petition filed in state court. The court has considered those allegations in ruling upon the motion to dismiss and finds that it would be futile to grant the motion to amend. Therefore, the motion to compel shall be denied.

J. Motion for enhanced penalties

Plaintiff has filed what is titled a motion for enhanced penalties. Doc. No. 34. The pleading appears to make arguments against defendant's motion to dismiss. The court has considered these arguments as well plaintiff's contentions in the various responses, notices, and affidavits he has filed. See Doc. Nos. 16, 17, 19, 20, 21, 22, 23, 30, 32, and 35. The court is convinced that plaintiff has failed to state a plausible claim for relief and for this reason the motion for enhanced penalties shall be denied.

K. Motion for summary judgment

Plaintiff has filed a motion for summary judgment. Doc. No. 36. The motion shall be denied because the court has determined that plaintiff's complaint fails to state a claim. Also, the motion fails to follow the procedures for summary judgment motions set forth in Fed.R.Civ.P. 56(c) and D.Kan.R. 56.1(a).

L. Motion for reconsideration supplement

Plaintiff has filed a motion for reconsideration "supplement" which has this case number and Case No. 18-4032 listed on it. It appears that the motion relates to the order denying plaintiff's motion to alter or amend judgment in Case No. 18-4032. The court has reviewed the motion and finds that it does not warrant relief in this case.

M. Motion in support of undisputed facts (Case No. 18-4032)

The court notes that plaintiff filed a motion docketed in Case No. 18-4032 which also has this case number written on it. The motion suggests that plaintiff's cases may have merit because opposing counsel has not opposed appointment of counsel. The motion asks for appointment of counsel and denial of defendant's motion to dismiss in Case No. 18-4032. For the reasons explained earlier in this order and in Doc. No. 20 of Case No. 18-4032, the relief requested in this motion is denied.

N. Request for restrictions on filing

Defendant has asked that the court place restrictions against plaintiff filing in state and federal court. Plaintiff is treated as a "three-strikes" litigant in federal court, so he is already under some restrictions. See Jones v. Douglas County Jail, 2020 WL 1492703 (D.Kan. 3/27/2020). The court is reluctant to place limits upon state court filings. The state court is capable of deciding if filing restrictions are appropriate there. Therefore, at this time the court shall deny the request for filing restrictions, although future filing restrictions in this case and Case No. 18-4032 will not be ruled out.

VI. Conclusion

For the above-stated reasons, the motion to dismiss (Doc. No. 7) is granted and this action shall be dismissed with prejudice.

Consistent with this order, the motions at Doc. Nos. 5, 11, 12, 14, 15, 18, 26, 27, 29, 31, 34, 36, 39 and 40 are denied. Defendant's request for filing restrictions is also denied without prejudice.

**IT IS SO ORDERED.**

Dated this 14th day of April 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge