IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

           Plaintiff,

vs.                              Case No. 20-3072-SAC

GOOGLE LLC, INC.,

           Defendant.

**O R D E R**

This case is before the court upon what plaintiff has titled an "amended complaint" (Doc. No. 44) and "production of documents for discovery" (Doc. No. 45). This case was recently closed. Doc. No. 43. Plaintiff may not file an amended complaint as of course. See Fed.R.Civ.P. 15(a)(1). Nor may plaintiff amend the complaint in a closed case without first reopening the case. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2nd Cir. 2008); Weiss v. Cooley, 230 F.3d 1027, 2014 (7th Cir. 2000).

If the court treated the "amended complaint" as a motion to amend and if such a motion could be considered in a closed case, the court would still deny the motion for the following reasons. First, the proposed complaint, which is difficult to decipher, fails to state a plausible claim for relief and is therefore futile. The court has previously explained (see Doc. No. 42) that plaintiff has failed to state a claim under the Kansas Consumer

Protection Act.  The amended complaint seeks to add constitutional claims, but does not include allegations showing that defendants acted under any state governmental authority which would be necessary to raise a claim under 42 U.S.C. § 1983.  See West v. Atkins, 487 U.S. 42, 48 (1988).  If the court treated the "amended complaint" as a motion to alter or amend judgment, the court would deny the motion because plaintiff has not persuasively argued new evidence, a change in controlling law, or clear error or manifest injustice.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(stating standard for relief under Fed.R.Civ.P. 59(e)).

The court shall strike the material titled "production of documents for discovery" (Doc. No. 45).  This material appears to be improperly filed with the court.  See D.Kan.R. 26.3(a).  If the court considered the materials as some kind of support for the proposed amended complaint, the court would still find that the complaint fails to state a claim and is improperly presented to the court in a closed case.

In conclusion, the amended complaint, treated as a motion to amend the complaint, is denied and the production of documents for discovery is ordered stricken.

**IT IS SO ORDERED.**

Dated this 16th day of April 2020, at Topeka, Kansas.

                    s/Sam A. Crow_____
                    U.S. District Senior Judge