IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

          Plaintiff,

vs.                                    Case No. 20-3072-SAC

GOOGLE LLC, INC.,

          Defendant.

**O R D E R**

This case is before the court upon plaintiff's motion for reconsideration or to alter or modify the judgment (Doc. No. 48), plaintiff's motion to strike judgment (Doc. No. 49) which has attached a motion in support of delayed judgment (Doc. No. 49-1), and plaintiff's motion to strike or motion for sanctions (Doc. No. 50). These motions were filed after the court dismissed this case on April 14, 2020.

Plaintiff's motion for reconsideration argues that the court rendered judgment too quickly. The court disagrees. The court entered judgment granting defendant's motion to dismiss 30 days after defendant filed the motion. Plaintiff had a full amount of time to respond to defendant's motion to dismiss and, in fact, filed more than one response. The court has ruled on many of plaintiff's motions prior to the time for a response to those motions from defendant. The court has given plaintiff's filings

1

adequate consideration and the court's approach is consistent with Fed.R.Civ.P. 1 which encourages a just, speedy and inexpensive determination of every action or proceeding. In plaintiff's motion for reconsideration (Doc. No. 48), plaintiff has not argued new evidence, a change in controlling law, or clear error or manifest injustice. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(stating standard for relief under Fed.R.Civ.P. 59(e)). Therefore, the motion for reconsideration or to alter or amend judgment shall be denied.

Plaintiff's motion to strike judgment (Doc. No. 49) or motion in support of delayed judgment (Doc. No. 49-1) shall also be denied. The motion appears to be targeted at overturning the court's decision to deny plaintiff's attempt to file an amended complaint. As the court explained in Doc. No. 47, the amended complaint was filed after the court entered judgment against plaintiff and, therefore, the amended complaint – treated as a motion to amend the complaint – could not be considered without reopening the case. But, even if the amended complaint was considered, it failed to state a plausible claim and therefore was futile. Plaintiff's motion to strike judgment and the attached motion in support of delayed judgment do not support reopening the case or amending the complaint. They are denied.

Finally, plaintiff's motion to strike or motion for sanctions (Doc. No. 50) shall be denied. Plaintiff appears to be asking

2

that any defense based upon defendant's terms of service be stricken. Plaintiff mentions venue as one such defense. The court, however, dismissed this action on grounds separate from the terms of service discussed in the motion. So, a request to strike now appears to be moot. Moreover, motions to strike are generally disfavored. Thompson v. Jiffy Lube Int'l, Inc., 2005 WL 2219325 *1 (D.Kan. 9/13/2005). Finally, plaintiff's motion cites no authority which warrants sanctions against defendant. Instead, the motion makes conclusory and at times confusing claims which fail to assert adequate grounds to alter or amend the judgment in this case.

In conclusion, plaintiff's motions at Doc. Nos. 48, 49, 49-1, and 50 are denied.

**IT IS SO ORDERED.**

Dated this 22nd day of April 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge