IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

           Plaintiff,

vs.                                              Case No. 20-3072-SAC

GOOGLE LLC, INC.,

           Defendant.

**O R D E R**

This case is before the court upon plaintiff's motion to alter or amend judgment. Doc. No. 93. The document is also labelled "Notice of Delayed Filing" and "Notice of appeal." Plaintiff has filed other motions to alter or amend judgment and other appeals before in this case. E.g., Doc. Nos. 48, 52, 65, 75 and 82.

Courts are reluctant to grant relief in this situation. See Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019)(discussing the public's strong interest in protecting the finality of judgments especially when the court has previously denied relief from judgment). Plaintiff has not timely sought relief under Fed.R.Civ.P. 59(e); such a motion must be filed within 28 days of entry of judgment. So, the court looks to Fed.R.Civ.P. 60(b) which permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

1

> reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason that justifies relief.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted). A Rule 60(b) motion may not be used to revisit issues already addressed or to advance new arguments or supporting facts which were otherwise available earlier. Wilson v. Reid, 2020 WL 7334092 *1 (10th Cir. 12/14/2020).

Plaintiff has not properly alleged grounds for relief which fall in the categories listed in Rule 60(b). He makes a conclusory claim that the court misapprehended the facts, but such an argument does not suffice to allege "mistake" or "inadvertence." Id. at *2. He also refers to facts or claims which occurred during the litigation, but does not explain how this shows that the court's prior rulings are in error or why he could not have raised these matters prior to judgment. Plaintiff indicates that he may have a freedom of religion claim and a patent claim, but does not describe facts showing that these are plausible contentions, or that earlier in this litigation he properly presented them to the court or was prevented from doing so. He also asserts that the court erred in

denying a motion for default judgment. But, this is a matter which was available for appeal previously in this case.

For the above-stated reasons, the court shall deny plaintiff's motion to alter or amend judgment. Doc. No. 93.

**IT IS SO ORDERED.**

Dated this 4th day of March 2021, at Topeka, Kansas.

s/Sam A. Crow  
U.S. District Senior Judge